UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GORDON, LLC | : |
| VS. | : C.A. No. |
| SENECA SPECIALTY INSURANCE COMPANY | : : |

## COMPLAINT

The Plaintiff, Gordon, LLC, in the above-entitled matter, by and through its attorney, alleges and says as follows:

## PARTIES

1. Plaintiff, Gordon, LLC, at all times relevant hereto, is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 21 Riverdale Court, Warwick, RI 02886

2. The Defendant, Seneca Specialty Insurance Company, is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 160 Water Street, New York, NY 10038 and is duly authorized to conduct business within the State of Rhode Island.

## JURISDICTION

3. The jurisdiction of this Court is proper under 28 USC §1332. Plaintiff is a citizen of the State of Rhode Island and Defendant is a citizen of the State of Delaware. Damages sustained by the Plaintiff exceed the sum of $75,000.00, exclusive of interest and costs

## **FACTUAL BACKGROUND**

4. The Plaintiff, Gordon, LLC, is the owner of property located at 17-21 Gordon Avenue, Providence, RI 02905.

5. The property owned by the Plaintiff, located at 17-21 Gordon Avenue, Providence, Rhode Island, was insured for casualty loss pursuant to a policy of insurance issued by the Defendant, Seneca Specialty Insurance Company, Policy Number SSP2700540.

6. On or about January 9, 2024, the afore-identified property sustained physical damage caused by wind and wind-driven rain resulting in water leakage into the building resulting in substantial damage to the property.

7. On or about January 24, 2024, the claim was reported to Defendant.

8. On February 6, 2024, Defendant, its agents, servants, employees or hired third parties of Defendant, Seneca Specialty Insurance Company, conducted an inspection of the property and the water damage.

9. On February 20, 2024, Timothy Vandewater, Property Claims Adjuster for Defendant, informed Plaintiff that it was not accepting or denying the claim of Plaintiff, Gordon, LLC, but rather proceeding to further investigate the loss under a reservation of rights.

10. On March 6, 2024, agents servants and/or employees of Defendant, Seneca Specialty Insurance Company, or hired third parties reinspected the property.

11. On October 16, 2024, Plaintiff, Gordon, LLC, submitted an unsigned Sworn Proof of Loss to the Defendant, along with a detailed letter containing factual information documenting the loss.

12. On November 20, 2024, Plaintiff filed with Defendant the Sworn Proof of Loss signed by Eric Catalozzi.

13. On December 5, 2024, Plaintiff was notified that the Defendant rejected Plaintiff's Sworn Statement in Proof of Loss for the following reasons:

1. Seneca does not necessarily agree with the insured's description of the amount listed as the Actual Cash Value or the Whole Loss and Damage as set forth in the Sworn Statement in Proof of Loss;

2. Seneca does not accept the Sworn Statement as drafted since it contains no adjustment for the depreciation;

3. Seneca does not necessarily agree with the insured's statement of cause(s) of loss as set forth in Sworn Statement in Proof of Loss;

4. Seneca does not necessarily agree that the amounts claimed by the insured relate to the cause(s) of loss set forth in the Sworn Statement in Proof of Loss;

5. Seneca believes that the terms, provisions, limitations and exclusions of the policy limit or bar recovery for amounts claimed in the Sworn Statement in Proof of Loss; and

6. Seneca's investigation remains ongoing subject to a reservation of rights and several of its requests for information remain unfulfilled.

14. On April 14, 2025, Plaintiff submitted to an examination under oath through their designated members of the limited liability company, Richard Dion and Eric Catalozzi.

15. As of the date of filing this Complaint, the Defendant has failed and refused to advise the Plaintiff if it accepts the claim as reported or denies the claim as reported despite repeated requests to do so.

## COUNT I
## BREACH OF CONTRACT

16. Plaintiff re-alleges and restates Paragraphs 1 through 15 of the Complaint as if set forth herein, in detail, in this Count I.

17. The Defendant has refused to accept the claim as reported and refused to pay the mitigation and restoration costs related to the loss, which occurred on January 9, 2024, constitutes a breach of contract under the laws of the State of Rhode Island.

## COUNT II
## UNFAIR CLAIMS PRACTICE/BAD FAITH

18. Plaintiff re-alleges and restates Paragraphs 1 through 17 of the Complaint as if set forth herein, in detail, in this Count II.

19. The failure of the Defendant to negotiate and settle the claim of the Plaintiff for casualty loss on January 9, 2024 constitutes an unfair claims practice under R.I.G.L. §27-9.1-1 et. seq. and constitutes bad faith under the laws of the State of Rhode Island. R.I.G.L. §9-1-33.

20. As a direct and proximate result of the actions of the Defendant, as complained of herein, Plaintiff has incurred unnecessary costs and expenses to recover the casualty loss claim and incurred other economic loss and expenses.

21. Defendant has intentionally failed to settle Plaintiff's property damage claim resulting from the loss, which occurred on January 9, 2024.

WHEREFORE, Plaintiff demands Judgment on its behalf for compensatory damages, punitive damages, plus costs and attorney's fees, pursuant to R.I.G.L. §9-1-45 and R.I.G.L. §9-1-33.

Plaintiff,
By and through its attorneys,

*/s/ Thomas A. Tarro, III*
Thomas A. Tarro, III (#2046)

*/s/ Kris R. Marotti*
Kris R. Marotti (#4605)
Tarro & Marotti Law Firm, LLC
Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362- Fax
ttarro3rd@marotti.com
kmarotti@tarromarotti.com

Dated: June 13, 2025

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**